UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-8 Gerald Deshawn Turner,

        Defendant.

_____/

Case No. 14-20019

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [138] AND DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS [91]

Defendant is charged in a March 5, 2014 indictment with one count of RICO conspiracy, 18 U.S.C. § 1962(d), and one count of possessing a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c). The charges arise out of Defendant's alleged participation in the Bounty Hunters gang from 2006 through 2009. This matter comes before the Court on Defendant's motion to suppress statements, (Dkt. 138), and Defendant's motion for a bill of particulars. (Dkt. 91.) The Court held an evidentiary hearing on February 17, 2015. For the reasons stated below, Defendant's motion to suppress and motion for a bill of particulars are both DENIED.

**I.  Facts**

On March 20, 2014, two agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) arrested Defendant at his place of work and transported him to the ATF field office in Detroit for interrogation. The interrogation was recorded. Prior to questioning Defendant, the agents presented him with a *Miranda* waiver form. (Def.'s Mot., Ex. B.) Defendant read out loud and initialed each line and signed the form. During the

interrogation, the agents questioned Defendant on his association with the Bounty Hunter
gang. Defendant alleges that the agents threatened him with a lengthy prison sentence if
he did not cooperate, manipulated his religious beliefs, and implied that he would receive
lenient treatment if he cooperated. Specifically, Defendant points to the following statement:

> Obviously, you've had a job for a while. My goal was to not have you
> doing 20 years or something crazy . . . . You do not have to do nowhere
> near that if you're cooperative and the judge believes you that you're
> cooperative. They can decide whatever they want to give you. What I'd
> like to do is tell the prosecutor that you're willing to get on board and get
> on top of this before this comes down and you do everything these other
> guys are gonna do.

(Gov.'s Resp., Ex. 2 at 10:21:05-10:21:35.) After approximately 90 minutes of questioning,
the interview ended.

## II.   Analysis

### A. Defendant's Motion to Suppress

Defendant argues that his confession should be suppressed because the Government
has not proved that he waived his *Miranda* rights and because it was made involuntarily.

#### 1. *Miranda* Waiver

A suspect may waive his *Miranda* rights "provided the waiver is made knowingly,
intelligently, and voluntarily." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The
Government bears the burden of establishing a waiver by the preponderance of the
evidence. *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009).

Shortly before the evidentiary hearing held on February 17, 2015, the Government
provided the Court with a disc containing the portion of the interview where the agents
presented Defendant with a *Miranda* waiver form and Defendant signed it. (This portion had
been omitted from the disc provided as an exhibit to the Government's response brief.)

2

Based on this video, and the testimony provided by Special Agent Joe Nether at the hearing, the Court finds that Defendant waived his *Miranda* rights prior to his interrogation on March 20, 2014.

### 2. Involuntary Confession

The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions. *Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir.1988).

The voluntariness of a confession is a mixed question of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995). In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Those circumstances include: (1) police coercion (a "crucial element"); (2) the length of interrogation; (3) the location of interrogation; (4) the continuity of interrogation; (5) the suspect's maturity; (6) the suspect's education; (7) the suspect's physical condition & mental health; and (8) whether the suspect was advised of his *Miranda* rights. *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). Without coercive police activity, however, a confession should not be deemed involuntary. *Connelly*, 479 U.S. at 167 ("[C]oercive police activity is a necessary predicate to the finding that a confession is

3

not 'voluntary' within the meaning of the Due Process Clause."). "When a defendant claims that a confession was coerced, the government bears the burden of proving by a preponderance of the evidence that the confession was in fact voluntary." *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999).

The Government has proved by a preponderance of the evidence that Defendant's confession was voluntary. The Court first notes that, as found above, Defendant was advised of his *Miranda* rights and waived them prior to questioning. "If a defendant has been advised of his *Miranda* rights and voluntarily waived them, it will be difficult to claim that his confession was nonetheless involuntary." *Loza v. Mitchell*, 766 F.3d 466, 478 (6th Cir. 2014) (citing *Missouri v. Seibert*, 542 U.S. 600, 609 (2004) (plurality opinion)). Consideration of the other factors also points in favor of finding Defendant's confession to be voluntary. Defendant was interrogated for 90 minutes in the middle of the morning in the Detroit office of the ATF. The interview was continuous. Defendant is a high school graduate who was employed in two jobs at the time of his arrest. There is no indication that Defendant was in poor mental or physical health at the time of his arrest or interrogation. Furthermore, the Court has reviewed the recording of the interrogation. There is nothing in the recording indicating police coercion. The interrogation did not involve any physical or emotional threats or punishment and Defendant was not deprived of food or sleep. Although Defendant is a bit exasperated at times, the parties are unemotional throughout the course of the interview. Defendant never indicated that he wanted to stop answering questions or wanted to see a lawyer.

Defendant argues that his confession was involuntary because he was arrested at work, threatened repeatedly with prison time, and promised leniency if he cooperated.

4

(Def.'s Mot. at 10-11.) The Court disagrees. Although it is true that Defendant was arrested at work, the Court does not find that this was coercive or sufficient to overbear Defendant's will. The agent's "threats" and "promises" also were not so coercive as to render Defendant's confession involuntary. "[C]onveying to suspects the seriousness of the crime for which they are being investigated" does not render a confession involuntary. *McCalvin v. Yukins*, 444 F.3d 713, 721 (6th Cir. 2006). And although it is true that "[o]ffers of leniency made during a police interrogation have a coercive effect," *United States v. Siler*, 526 F. App'x 573, 575 (6th Cir. 2013), "a promise to speak with the prosecutor about a defendant's cooperation does not automatically render a confession coerced." *Id.* That is all that the agents threatened or promised Defendant during his interrogation. Under the totality of the circumstances, Defendant's confession was voluntary.

## B. Defendant's Motion for a Bill of Particulars

Defendant seeks a bill of particulars on the: (1) specific phrase of each of the ordinances which the Government alleges were violated by Defendant; (2) the exact date and times and specific place on which each specific alleged offense occurred; and (3) the specific acts, conduct, method, or means by which the crime is alleged to have been committed. He argues that the indictment does not reasonably inform him of the nature of the charge, prejudices his ability to prepare for trial, and, if not supplemented with a bill of particulars, subjects him to unfair surprise at trial

### 1. Standard of Review

The decision to order a bill of particulars is within the discretion of the Court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars has the following purposes: (1) to insure that the defendant understands the nature of the charges

5

against him to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976).

The allegations which give sufficient notice of the charge can be minimal. *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (indictment charging use of a firearm in connection with a drug offense held sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure even though the indictment did not mention the particular drug offense in which the firearm was used); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (indictment setting out the objective, means, method, and overt acts of the charged conspiracy held sufficient because it provided sufficient notice of the charges and the basis for a double jeopardy defense).

### 2. Discussion

Defendant has not made a persuasive case for a bill of particulars. The indictment reasonably informs Defendant of the nature of the charge. An indictment reasonably informs the defendant of the crime charge where it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The 33-page indictment in this case, specifically alleging the elements of the offenses charged as well as extensive background information, satisfies that standard.

Furthermore, the Government has already provided extensive discovery to Defendant on April 8, 2014, April 22, 2014, and June 13, 2014. This discovery has provided Defendant

6

with sufficient information to present a defense and to avoid unfair surprise. *See United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) ("A bill of particulars is meant 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. [It] is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.") (quoting *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir.2004)).

Defendant is not seeking to clarify or understand the nature of the charges against him. Rather, he is improperly using his motion "as a tool . . . to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). This includes information the Government is not required to provide. "A bill of particulars may not be used to compel the government to provide essential facts regarding the existence and formation of the conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modification on other grounds*, 801 F.2d 378 (11th Cir. 1986). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *Id*. Defendant's motion seeks discovery on information that he either already has or is not entitled to.

## III.   Conclusion

For the foregoing reasons, Defendant's motion to suppress is DENIED and Defendant's motion for a bill of particulars is DENIED.

SO ORDERED.

S/Nancy G. Edmunds

7

Nancy G. Edmunds
United States District Judge

Dated:  February 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager